UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GREGORY CONLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No.: 19-cv-4237-JBM |
| | ) | |
| **GREGG SCOTT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW

Plaintiff is *pro se* civil detainee at the Illinois Department of Human Services ("IDHS") Rushville Treatment and Detention Center. Plaintiff has filed a complaint and petition to proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915 (a)(1). Section 1915 (a)(1) "is designed to ensure indigent litigants meaningful access to the federal courts." *Christophel v. Brandl,* No. 08-755, 2008 WL 5429658, at *1 (E.D. Wis. Dec. 31, 2008) citing *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). A court must, however, dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. The Court has determined that Plaintiff's allegations of poverty are true and now reviews the complaint to determine whether it is frivolous, fails to state a claim, or seeks monetary relief against a defendant immune from suit. 28 U.S.C. §1915(e)(2).

When reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Plaintiff asserts a Fourteenth Amendment due process claim against nine employees and officials at Rushville due to his being placed in black box hand restraints when transported from the facility for medical appointments and court writs. Plaintiff claims that the restraints hurt his hands, even after they are removed. He also claims that he is unable to urinate while wearing restraints, causing him discomfort when transported from Rushville to Cook County, a trip which allegedly takes 12 hours.

While Plaintiff does not particularly describe the hand restraints, the Court has reviewed another Rushville case where the black box restraints were described as:

> a rectangular device measuring approximately four inches by three inches... When placed over the chain of a pair of handcuffs, it both limits a prisoner's ability to move his hands, and prevents access to the handcuffs' keyholes. ... it is bolted with the handcuffs to a ring on the waist chain. The black box holds the hand "in front of [the] body in a fixed rotation and orientation, making it difficult to eat or use the bathroom."

*Levi v. Adams*, No. 07-3304, 2010 WL 11545658, at *1 (C.D. Ill. Nov. 10, 2010) (internal citation omitted). In *Levi*, it was noted that Black box restraints are used if a resident has been at Rushville less than 120 days; has had one or more major violations within the past year; and has been identified as violent, aggressive or an escape risk and is being transported from the facility. *Id*.

Plaintiff admits that in 2000, he and another resident escaped with the help of a Rushville Security Aid. The escape took place while the pair were being transported from Rushville to Cook County and resulted in a conviction and 30-year sentence. Plaintiff claims, however, that he should no longer be subject to the black box restraints during transport as he has been in "A-

2

status" for approximately three years and has had only four disciplinary infractions in the four years he has been at Rushville.

## ANALYSIS

As Plaintiff is a civil detainee rather than convicted prisoner, his § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. Under the Fourteenth Amendment standard, a detainee must make an objective showing that the challenged conditions were sufficiently serious and a subjective showing that "the officer acted with at least deliberate indifference to the challenged conditions." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). That is, that Defendants "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Id.* at 35.

Plaintiff claims that the use of the restraints represents a wanton infliction of pain. Plaintiff alleges, further, that the restraints are used to humiliate and degrade him and as punishment for the escape. Plaintiff claims, somewhat ingenuously, that he does not object to black box restraints being used on him, only to the manner in which they are applied. Plaintiff clearly claims, however, that the restraints are being used without penological justification. Furthermore, Plaintiff requests injunctive relief, that the Court order Rushville officials to "cease their use of the black box restraints on Plaintiff."

Plaintiff also alleges that it is difficult for him to urinate while in the restraints and that he is uncomfortable for the "12-hour trip" from Rushville to Cook County and back again. A Google search, however, reveals that the drive time between the two is just over four hours and not the length of time alleged in the complaint.

Plaintiff's claim must fail, however, as it is clearly established that the use of black box restraints on Rushville detainees does not violate the Constitution. *See Henderson v. Adams*, No. 06-6451, 2007 WL 1958574 (N.D.Ill. June 29, 2007), ("[d]etainees may nevertheless be subjected to conditions that advance goals such as preventing escape and assuring the safety of others.") (internal citations omitted). *See Id*. citing *Hargett v. Adams,* No. 02-1456, 2005 WL 399300 (N.D.Ill. Jan.14, 2005) where "[t]he court concluded that the use of black box restraints on detainees constituted a legitimate, non-punitive security measure." *See also*, *Thielman v. Leean*, 282 F.3d 478, 480 (7th Cir. 2002) (transporting sexually violent detainee in waist belt and leg chains did not violate due process, with the court noting another case where a civil detainee escaped during transport and abducted a child). *Id*. at 485.

Plaintiff fails to state a due process claim regarding Defendants' use of black box restraints when transporting him from the facility. This, particularly, as Plaintiff admittedly planned and successfully executed an escape during a prior transport. As Plaintiff does not assert a cognizable constitutional claim, the complaint is DISMISSED with prejudice.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because Plaintiff cannot sustain a constitutional claim based on the use of black box restraints when he is transported from the Rushville facility. This case is closed and all pending matters are vacated. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed.

R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.


 2/5/2020                                                    s/Joe Billy McDade
ENTERED                                                JOE BILLY McDADE
                                                          UNITED STATES DISTRICT JUDGE